NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORRAINE J. VANDER ARK, Trustee of the LORRAINE J. VANDER ARK TRUST,

Plaintiff - Appellant,

v.

VENABLE, LLP, a Maryland limited liability partnership,

Defendant - Appellee.

No. 24-7281

D.C. No. 2:23-cv-04567-MWF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted November 21, 2025[**]
Pasadena, California

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Lorraine J. Vander Ark, Trustee of the Lorraine J. Vander Ark Trust, appeals

the district court's dismissal of her negligent misrepresentation claim against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Venable, LLP under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The district court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

A claim for negligent misrepresentation under California law requires a "positive assertion" misrepresenting a past or existing material fact. *Apollo Cap. Partners, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). Neither of the two alleged misrepresentations in Venable's letter constitute a "positive assertion" that HAF Corporation owns any intellectual property. *First*, the subject line of the Venable letter, which says "HAF Industries' and HAF Corporation's Intellectual Property," does not state whether any intellectual property exists at all, or if it does, which entity owns the intellectual property. *Second*, the statement in the penultimate paragraph of the letter, which says that the Venable attorney had "been informed that HAF Industries and HAF Corporation are developing new designs for more cost-effective fuel cells to be used with the magnesium reactors," merely relays information about the development of intellectual property, not about its ownership. Further, predictions about "future

---

[1] Vander Ark does not appeal the district court's disposal of her other claims against Venable and the other defendants. As a result, Vander Ark's allegations related to those other claims, such as those regarding HAF Corporation's Private Offering Memorandum, have no relevance to this appeal. Rather, Vander Ark's appeal of her negligent misrepresentation claim is premised entirely on just two alleged misrepresentations in the Venable letter attached to HAF Corporation's Private Offering Memorandum.

performance" in the letter "cannot be the basis for a negligent misrepresentation cause of action." *Stockton Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 458 (2014).

Reasonable minds would not interpret the alleged misrepresentations in the Venable letter to state that HAF Corporation owns intellectual property rights. *See Ins. Underwriters Clearing House, Inc. v. Natomas Co.*, 184 Cal. App. 3d 1520, 1528 (1986). The district court therefore properly dismissed Vander Ark's action on the pleadings.

Judge Miller would dismiss the appeal for lack of a final judgment.

**AFFIRMED.**